UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL MANIA, INC., a North Carolina corporation, | ) ) ) ) |
| Plaintiff, | ) ) COMPLAINT FOR DECLARATORY RELIEF |
| v. | ) ) |
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company, | ) ) ) ) |
| Defendant. | ) |

Plaintiff UNIVERSAL MANIA, INC. (hereinafter "Plaintiff" or "UNIVERSAL MANIA"), by and through its counsel, alleges as its complaint against OTTER PRODUCTS, LLC (hereinafter "defendant" or "OTTER PRODUCTS") as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief under federal law pursuant to 28 U.S.C. § 2201, *et seq*.

## THE PARTIES

2. UNIVERSAL MANIA is a North Carolina Corporation with a principal place of business in Fayetteville, North Carolina.

3. On information and belief, defendant OTTER PRODUCTS is a Colorado limited liability company residing in Fort Collins, Colorado.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court and in the subject matter of this action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

5. This Court may exercise personal jurisdiction over the Defendant based upon its activities, including its transaction of business, within the Eastern District of North Carolina. Defendant sells its products nationwide, including, upon information and belief, within the State of North Carolina.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTS

7. Plaintiff UNIVERSAL MANIA is in the business of selling electronics and related accessories.

8. On or about October 31, 2012, OTTER PRODUCTS, through counsel, served a letter alleging UNIVERSAL MANIA had infringed OTTER PRODUCTS' purported federal trademark registrations related to the sale of products manufactured by OTTER PRODUCTS. The letter, attached hereto as **Exhibit A**, included a demand for accounting, draft complaint, and an affirmation of OTTER PRODUCTS' intent to file a lawsuit against OTTER PRODUCTS in U.S. District Court for the Central District of California.

9. OTTER PRODUCTS' draft complaint alleges trademark infringement, false designation of origin, dilution, false advertisement, unfair business practice, unfair competition and unjust enrichment. The draft complaint also alleges declaratory relief.

10. Although UNIVERSAL MANIA does sell products manufactured by OTTER PRODUCTS, UNIVERSAL MANIA generally denies that it is liable to OTTER PRODUCTS.

11. UNIVERSAL MANIA further alleges that it did not engage in any unfair business practice or unfair competition.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Declaratory Judgment against Defendant Otter Products, LLC)**

12. Plaintiff repeats and incorporates by reference the statements and allegations in

paragraphs 1 to 11 of the Complaint as though fully set forth herein.

13. There exists an actual case and controversy between OTTER PRODUCTS and UNIVERSAL MANIA concerning OTTER PRODUCTS' alleged liability for infringement of U.S. Trademark Nos. 2,287,619; 3,791,318; 3,788,535; 3,788,534; 3,865,367; 3,623,789; 3,963,182; 3,791,317; 4,079,672; and 3,795,187, among potentially others.

14. The case and controversy was created by virtue of OTTER PRODUCTS correspondence and draft complaint sent to UNIVERSAL MANIA.

15. UNIVERSAL MANIA seeks a declaratory judgment to resolve plaintiff and defendant's respective rights regarding OTTER PRODUCTS' claims for trademark infringement, false designation of origin, dilution, false advertisement, unfair business practice, unfair competition and unjust enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff asks that this Court grant judgment against defendant for the following:

A. A judgment that plaintiff has not infringed or diluted any trademark right of defendant's;

B. A judgment that plaintiff has not engaged in false advertisement or any unfair business practice or competition;

C. A judgment that plaintiff was not unjustly enriched by any action or omission alleged by defendant;

D. Plaintiff to recover its attorneys' fees and costs; and

E. Plaintiff receives all other relief the Court deems appropriate.

Respectfully submitted,

Dated: February 8, 2013

s/ Robert A. Meynardie
Robert A. Meynardie
State Bar Number 20566
MEYNARDIE & NANNEY, PLLC
2840 Plaza Place, Suite 200
Raleigh, North Carolina 27612

Attorneys for Plaintiff
UNIVERSAL MANIA, INC.


**OF COUNSEL:**

BEN LILA, ESQUIRE
MANDOUR & ASSOCIATES, APC
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Email: blila@mandourlaw.com