IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:13-cv-00094-FL

| | |
|---|---|
| UNIVERSAL MANIA, INC., a North Carolina corporation,<br><br>      Plaintiff,<br><br>v.<br><br>OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>      Defendant,<br><br>v.<br><br>DOES 1 – 10, Inclusive,<br><br>      Third-Party Defendants. | |

## CONSENT PROTECTIVE ORDER

This case is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 79.2, EDNC. The Parties have informed the Court that they mutually agree that this action may involve the production or disclosure of confidential, sensitive, or proprietary business information, or trade secrets, including, but not limited to, information relating to Plaintiff and Defendant's finances, marketing research, customer lists, sales information, anti-counterfeiting measures, non-public agreements, and communications with non-parties and the results of, as well as correspondence relating to private investigations and clearance searches. The Parties have agreed to the entry of this Protective Order to govern the production or disclosure of such information to ensure the continued confidentiality and that no competitive advantage is obtained by any person.

1

The Court believes that entry of this Protective Order is in the interest of all Parties and in the fair and efficient administration of justice. Therefore, until further order of this Court, it is hereby ordered as follows:

1. The following definitions shall apply in this Order:

A. "<u>CONFIDENTIAL</u>" means non-public testimony, information, documents, and data that constitute confidential business or technical information.

B. "<u>ATTORNEY'S EYES ONLY</u>" means non-public testimony, information, documents, and data that constitute confidential business or technical information which is reasonably considered by the parties to be highly sensitive because at the time the documents or information are produced they contain competitive business information such as customer lists, trade secrets, product design information, marketing or sales planning information or cost, price, profitability or other similar financial information.

C. "Producing Party" means the party to this lawsuit who produced a document or provided information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Order.

D. "Receiving Party" means the party to this lawsuit who has received from the other a document or information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Order.

2. No Receiving Party or their counsel shall use documents or information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY for any purpose other than prosecution or defenses of this action.

3. In connection with discovery proceedings in this action, any party may designate any non-public document or information as CONFIDENTIAL or ATTORNEY'S EYES ONLY

2
Case 5:13-cv-00094-FL   Document 29   Filed 07/30/13   Page 2 of 11

by stamping the legend CONFIDENTIAL or ATTORNEY'S EYES ONLY on each page of the documents or information prior to production. With the exception of deposition testimony and transcripts, which are discussed below, designations shall be made at the time of production.

4. Any party may designate any portion or all of a deposition as CONFIDENTIAL or ATTORNEY'S EYES ONLY by notifying the other parties on the record during the deposition or in writing within ten (10) days after the receipt of the deposition transcript in final form. The parties shall automatically treat all information disclosed at a deposition as ATTORNEYS' EYES ONLY for ten (10) days after receipt of the transcript.

5. If the Receiving Party believes that any item designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY has been improperly designated and should be excluded from the scope of this Protective Order, that party through counsel shall meet and confer with counsel for the Producing Party to resolve the disagreement. If the parties are unable to resolve their differences, the Receiving Party may apply to the Court for a declaration as to whether the particular item should be within the scope of this Protective Order.

6. If a Receiving Party objects to a designation, it shall treat the information as it is designated until the parties resolve the dispute by agreement or by order of the Court.

7. The parties shall designate information and documents as CONFIDENTIAL or ATTORNEY'S EYES ONLY in good faith and not for the purpose of harassing the other party or for the purpose of unnecessarily restricting the other party's access to information regarding the lawsuit.

8. Failure to designate or stamp as CONFIDENTIAL or ATTORNEY'S EYES ONLY at the time of production shall not be a waiver of the protection for the document or information provided that counsel promptly notifies the receiving party upon realizing the

failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

9. No person other than the Producing Party or its counsel of record shall disclose to any other person documents or information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY unless all terms and conditions in this Order are satisfied. Upon satisfaction of such terms and conditions, the information or documents designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY shall be disclosed only as follows:

A. Information or documents that have been designated "CONFIDENTIAL" shall be disclosed only to:

(1) Counsel of record for the Receiving Party and the employees of such counsel who are assisting them;

(2) Officers, directors, or employees of the Receiving Party who require the information to assist in, or evaluate, this action;

(3) Persons specifically retained or consulted by the Receiving Party to assist in, evaluate, or prepare for a hearing or trial in this matter (such as consultants or expert witnesses);

(4) Employees of any liability insurance carrier providing coverage or a defense to the Receiving Party;

(5) Any deposition or trial witness at a deposition, hearing, or trial to the extent that it is necessary to tender the document or elicit testimony relevant to the matters at issue in this case;

(6) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

(7) The Court and persons associated with or employed by the Court whose duties require access to the information; and

B. Information or documents that have been designated "ATTORNEY'S EYES ONLY " shall be disclosed only to:

(1) Outside legal counsel of record for the Receiving Party and the employees of such counsel who are assisting them;

(2) Independent experts (with independent meaning not currently or formerly employed by, affiliated with, or a consultant to the Receiving Party outside of this litigation) who have been retained by the Receiving Party or its attorneys for this action;

(3) Any deposition or trial witness at a deposition, hearing or trial to the extent that it is necessary to tender the document or elicit testimony relevant to the matters at issue in this case;

(4) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

(5) The Court and persons associated with or employed by the Court whose duties require access to the information.

10. Before any person (except outside counsel of record and the employees of the firms that are assisting them in this matter) is given access to documents or information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY, the Receiving Party shall provide each such person with a copy of this Order and require such person to execute a written declaration (attached hereto as Exhibit A), declaring that he or she understands the terms of this Order and agrees to abide by them.  In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the Order and obtain his or her acknowledgement

one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional documents or information that have been designated pursuant to this Order. A copy of any such written declaration shall be furnished to counsel for the Producing Party upon request. In the event any non-party deponent or trial witness refuses to execute such written declaration, such deponent or trial witness may be shown documents or information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY only during his or her actual testimony and may not retain a copy of such documents or information.

11. Each person given access to CONFIDENTIAL or ATTORNEY'S EYES ONLY documents or information pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any such documents or information, and shall keep such documents and information confidential except as otherwise provided by the terms of this Order.

12. Before filing any information that has been designated CONFIDENTIAL or ATTORNEY'S EYES ONLY with the Court, or any pleadings, motions or other papers that disclose any such information, the Receiving Party shall confer with counsel for the Producing Party about how it should be filed. If the Producing Party desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2(e), EDNC, with notice served upon the Producing Party. The filing of the materials under seal shall not be binding on the Court, however. Each time a party seeks to file under seal documents or information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the

source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion.  Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.  When a party seeks to file documents or information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY, including portions of any transcript, a party shall submit such materials to the Court, when possible, using the procedures for filing information and documents under seal through CM/ECF or, alternatively, in a sealed envelope or other appropriate sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order." Before ruling on any motion to seal the Court will give the public notice of the motion and a reasonable opportunity to challenge it.  While individual notice is unwarranted, the Court will docket the motion reasonably in advance of deciding the issue, or where applicable, the Court will notify persons present in courtroom proceedings of the motion.  The Court will rule favorably upon any motion to seal only after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, or information at issue. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling.  If the party desiring that the information be maintained under seal

does not timely file a motion to seal, then the materials will be deemed unsealed, without need for order of the Court.

13. Within ninety (90) days of the conclusion or final settlement of this litigation, including all appeals, all persons subject to the terms hereof shall (i) destroy or assemble and return to the Producing Party all CONFIDENTIAL and ATTORNEY'S EYES ONLY documents and information, and (ii) shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of such CONFIDENTIAL or ATTORNEY'S EYES ONLY documents and information; except that counsel of record may retain file copies of any of the foregoing, as well as one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing CONFIDENTIAL or ATTORNEY'S EYES ONLY documents and information, which materials will remain subject to this Protective Order. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom CONFIDENTIAL or ATTORNEY'S EYES ONLY documents and information have been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

14. Nothing herein shall: (i) preclude a Producing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of document or other discovery material as it may deem appropriate; (ii) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds; (iii) limit a party's or its counsel's use of its own documents or any documents legally obtained

8
Case 5:13-cv-00094-FL   Document 29   Filed 07/30/13   Page 8 of 11

outside the discovery process in this action; or (iv) waive a party's right to object to the admissibility of documents or discovery materials.

15. The parties shall confer among themselves concerning measures that should be taken during trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case.

16. This Order may be modified by the Court upon application of any party for good cause shown.

So Ordered this the 30th day of July 2013.

_____
United States District Judge


WE CONSENT:


 /s/ Robert A. Meynardie
Robert A. Meynardie
Meynardie & Nanney, PLLC
2840 Plaza Place, Suite 200
Raleigh, NC  27612
Telephone:  (919) 747-7373
Facsimile:  (919) 324-3693
E-mail:  bob@mnlaw-nc.com


 /s/ Ben T. Lila
Gordon E. Gray, III
Ben T. Lila
Mandour & Associates, APC
16870 W. Bernado Drive, Suite 400
San Diego, CA  92127
Telephone:  (858) 487-9300
Facsimile:  (858) 487-9390
E-mail:  blila@mandourlaw.com

/s/ Christopher Q. Pham
Christopher Q. Pham
CA State Bar No. 206697
Ani S. Garibyan
CA State Bar No. 274846
Attorneys for Defendant
JOHNSON & PHAM, LLP
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, CA  91367
Telephone:  (818) 888-7540
Facsimile:  (818) 888-7544
E-mail:  cpham@johnsonpham.com
             agaribyan@johnsonpham.com


 /s/ J. Christopher Jackson
W. Swain Wood
NC State Bar No. 32037
J. Christopher Jackson
NC State Bar No. 26916
John T. Kivus
NC State Bar No. 42977
Attorneys for Defendant
WOOD JACKSON PLLC
1330 St. Mary's Street, Suite 460
Raleigh, NC  27605
Telephone:  (919) 829-7394
Facsimile:  (919) 829-7396
Email: swood@woodjackson.com
cjackson@woodjackson.com jkivus@woodjackson.com

| |
|---|
| UNIVERSAL MANIA, INC., a North Carolina corporation, |
| Plaintiff, |
| v. |
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company, |
| Defendant, |
| v. |
| DOES 1 – 10, Inclusive, |
| Third-Party Defendants. |

I, _____, hereby acknowledge receipt of a copy of the Consent Protective Order ("Order") in the above captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any documents or information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY for any purpose other than in connection with the instant action, and agree not to reveal any or all such documents or information to any person not authorized by the Order.

I further acknowledge and understand that for any violation of the provisions of said Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law. I hereby submit to the jurisdiction of the Federal District Court for the Eastern District of North Carolina for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue with regard to the same.

Executed this _____ day of _____ 201___.

_____
Signature