IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:13-cv-00094-FL

UNIVERSAL MANIA, INC., a North Carolina corporation,

    Plaintiff,

v.

OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,

    Defendant,

v.

DOES 1 – 10, Inclusive,

    Third-Party Defendants.

## CONSENT JUDGMENT

Plaintiff, UNIVERSAL MANIA, INC. ("UNIVERSAL"), and Defendant, OTTER PRODUCTS, LLC ("OTTERBOX"), hereby stipulate, consent, and agree to this Consent Judgment to resolve all disputes between them in this action. Based on such consent, the Court makes the following findings of fact, conclusions of law, and judgment.

### I. FINDINGS OF FACT

1. UNIVERSAL is a North Carolina corporation, duly authorized and licensed to conduct business in the state of North Carolina, with its principal place of business located in Fayetteville, North Carolina.

1

2. OTTERBOX is a Colorado Limited Liability Company, duly authorized and licensed to conduct business in the state of Colorado, with its principal place of business located in Fort Collins, Colorado.

3. OTTERBOX is the owner of numerous trademarks, which it uses in connection with the manufacture, distribution, sale and promotion of a wide range of products, including high-quality protective cases, peripherals and accessories for portable electronic devices and computers.

4. OTTERBOX, founded in 1998, is known as an innovator of protective solutions for the leading global handheld manufacturers, wireless carriers and distributors.

5. OTTERBOX is a leading retailer of and distributor of high-quality protective cases, peripherals and accessories for portable electronic devices and computers. OTTERBOX develops and manufactures protective carrying cases for numerous consumer electronics products including, but not limited to, the following: Apple iPhone®, Apple iPad®, and Apple iPod Touch®; smartphones including Blackberry®, HTC®, Nokia®, Samsung®, LG® and Motorola® models; personal computer laptops including Dell®; and tablet cases for the Amazon Kindle®, eReader®, Palm® cases, and Sony® cases.

6. OTTERBOX owns all rights in and to numerous federally registered trademarks which include the following, among others (collectively, "OTTERBOX's Registered Marks"):

| Trademark | Reg. No. | Reg. Date |
| --- | --- | --- |
| OTTER BOX | 2287619 | October 19, 1999 |
| [DESIGN MARK] | 3791318 | May 18, 2010 |
| OTTER BOX | 3788535 | May 11, 2010 |
| OTTERBOX | 3788534 | May 11, 2010 |
| WE'VE GOT TECHNOLOGY COVERED | 3865367 | October 19, 2010 |
| DEFENDER SERIES | 3623789 | May 19, 2009 |
| STRENGTH | 4079672 | January 3, 2012 |
| COMMUTER SERIES | 3963182 | May 17, 2011 |

2

| | | |
|---|---|---|
| COMMUTER | 3791317 | May 18, 2010 |
| IMPACT SERIES | 3795187 | March 10, 2010 |
| REFLEX ZONE | 4111433 | March 13, 2012 |
| REFLEX SERIES | 3972039 | May 31, 2011 |
| UTILITY SERIES | 4064940 | November 29, 2011 |
| ARMOR SERIES | 3632231 | June 2, 2009 |
| PINK IS STRENGTH! | 4053182 | November 8, 2011 |
| OTTERCARES | 4101071 | February 21, 2012 |
| [DESIGN MARK] | 4116998 | March 27, 2012 |

OTTERBOX also has numerous pending trademarks with the United States Patent and Trademark Office. The serial numbers of these pending trademarks are as follows: 85416877; 85456430; 85458259; 85462689; 85483745; 85505980; 85576166; 85531307; 85505993; 85505986; 85505999; 85428337; 85288182; 85288187 and 85342514.

7. On February 8, 2013, UNIVERSAL filed a Complaint for Declaratory Judgment against OTTERBOX in the Eastern District of North Carolina (Docket No. 1), to which OTTERBOX filed its Answer and Counter-Claim on April 12, 2013 (Docket No. 21), alleging causes of action under § 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), for infringement of federally registered trademarks; 15 U.S.C. §1125(a), for false designation of origin and false or misleading advertising; § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), for dilution of federally registered and common law trademarks; and for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, *et seq.* Further, OTTERBOX sought to enjoin UNIVERSAL'S current and prospective infringement and dilution of the OTTERBOX Marks and unfair competition, and to recover monetary damages resulting from those actions.

8. UNIVERSAL acknowledges and does not contest that it has willfully distributed and sold counterfeit, pirated, or otherwise unauthorized OTTERBOX® related products, bearing and/or utilizing one or more of OTTERBOX's Trademarks.

3

9. UNIVERSAL acknowledges and does not contest OTTERBOX's exclusive rights in and to OTTERBOX's Trademarks, including but not limited to the OTTERBOX® marks and works, and OTTERBOX's exclusive right to distribute products utilizing these Trademarks.

10. UNIVERSAL acknowledges and does not contest that its infringing conduct and the sale of the infringing products included the sale of counterfeit products; that its activity has infringed OTTERBOX's rights; and that its activity constitutes federal Trademark Infringement, False Designation of Origin, Dilution, and Unfair Business Practices under North Carolina law and other violations of various state and federal statutory and common law.

11. UNIVERSAL acknowledges and does not contest that its infringing conduct and the sale of the infringing products included, specifically, the sale of counterfeit products infringing OTTERBOX's Trademarks, including but not limited to the OTTERBOX® and DEFENDER SERIES® marks and works, on the website eBay.com utilizing PayPal.com, on Amazon.com, on its website(s) www.universalmania.com and www.universalmania.net, and other venues.

## MONETARY JUDGMENT

12. Based upon UNIVERSAL's admitted infringing conduct described above, the parties consent and agree to a monetary judgment being entered against UNIVERSAL and in favor of OTTERBOX in the amount of Two Hundred Thousand and No/100 Dollars ($200,000.00).

13. The parties consent and agree that this Court shall retain jurisdiction to make any further orders that may be necessary to carry out this Stipulated Judgment.

4

## PERMANENT INJUNCTION

14. The parties further agree that OTTERBOX has no adequate remedy at law for the acts of UNIVERSAL complained of herein, or for the acts of any third parties who have acted in concert with and at the direction of UNIVERSAL, as injury to OTTERBOX's reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

15. The parties consent and agree that the permanent injunction set forth below shall remain in full force and effect through and after the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived.

16. OTTERBOX and UNIVERSAL hereby consent and agree to the Court's issuance of the Judgment and Permanent Injunction Order lodged concurrently herewith, permanently enjoining UNIVERSAL and its agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persona acting in concert or participation with it, and each of them, from:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in OTTERBOX's Counter-Claim.

    b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in OTTERBOX's Counter-Claim.

5

Case 5:13-cv-00094-FL   Document 36   Filed 12/17/13   Page 5 of 12

c. The unauthorized use, in any manner whatsoever, of any OTTERBOX's trademarks at issue in the in this matter, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i. on or in conjunction with any product or service; and

    ii. on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

d. The use of any trademark that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by UNIVERSAL originates from OTTERBOX, or that said merchandise has been sponsored, approved, licensed by, or associated with OTTERBOX or is, in some way, connected or affiliated with OTTERBOX.

e. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that UNIVERSAL is connected with, or is in some way sponsored by or affiliated with OTTERBOX, purchases product from or otherwise has a business relationship with OTTERBOX.

f. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of OTTERBOX; and/or

h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, for two (2) years following the entry of this Stipulation,

6

pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any OTTERBOX's Marks or which otherwise refer to OTTERBOX or any of OTTERBOX's Marks.

17. The parties consent and agree that this Permanent Injunction shall be deemed to have been served upon UNIVERSAL at the time of its execution by the Court.

18. The parties consent and agree that the Court should find there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, request that the Court direct immediate entry of this Permanent Injunction against UNIVERSAL.

19. The parties expressly waive any additional findings of fact, conclusions of law, statement of decision, and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition, or entry of this Consent Judgment.

20. The parties further consent and agree that the monetary judgment and permanent injunctive relief that is the subject herein disposes of all claims between the parties, and that UNIVERSAL's complaint for declaratory relief against OTTERBOX shall be dismissed with prejudice in its entirety upon entry of this Consent Judgment.

21. The parties consent and agree that no appeals shall be taken from this Permanent Injunction, and the parties hereby waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of the Permanent Injunction and this Consent Judgment.

22. The parties consent and agree that each party shall bear its own attorney's fees and costs incurred in this matter.

7

Case 5:13-cv-00094-FL   Document 36   Filed 12/17/13   Page 7 of 12

## II. CONCLUSIONS OF LAW

23. The Court has personal jurisdiction over the parties to this Consent Judgment and also has jurisdiction over the subject matter of this action.

24. All matters of jurisdiction, service, and notice are proper, and the parties to this Consent Judgment are properly before the Court.

25. Plaintiff UNIVERSAL consents to being permanently enjoined from the conduct related to OTTERBOX's Marks as set forth above in this Consent Judgment.

26. The parties consent to a monetary judgment to be entered against UNIVERSAL in favor of OTTERBOX in the amount of $200,000.00, as set forth above.

27. The parties to this Consent Judgment agree that, except for the injunctive relief and monetary judgment described herein, all claims in this action have been resolved and UNIVERSAL's claim for declaratory relief against OTTERBOX is dismissed with prejudice in its entirety.

28. The parties to this Consent Judgment agree that each shall bear its own costs and attorney's fees in this action.

## III. JUDGMENT

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff, UNIVERSAL, shall pay Defendant, OTTERBOX, the sum of Two Hundred Thousand and No/100 Dollars ($200,000.00) in compensation for the infringing conduct described in this Consent Judgment;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff, UNIVERSAL, should be, and hereby is, permanently enjoined from infringing directly or

indirectly on the trademarks owned by Defendant, OTTERBOX, as set forth above in this Consent Judgment; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the preceding paragraphs dispose of all claims between the parties to this Consent Judgment, that Plaintiff's claim for declaratory relief is dismissed with prejudice, and that each party to this Consent Judgment shall bear its own costs and attorney's fees incurred in connection with this action.

This the 17th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

**WE CONSENT:**

UNIVERSAL MANIA, INC.


_____
Kurt Krol
President, Universal Mania, Inc.


_____
Gordon E. Gray, III
Ben T. Lila
Mandour & Associates, APC
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 487-9300
Facsimile: (858) 487-9390
E-mail: blila@mandourlaw.com

indirectly on the trademarks owned by Defendant, OTTERBOX, as set forth above in this Consent Judgment; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the preceding paragraphs dispose of all claims between the parties to this Consent Judgment, that Plaintiff's claim for declaratory relief is dismissed with prejudice, and that each party to this Consent Judgment shall bear its own costs and attorney's fees incurred in connection with this action.

This the ___18th___ day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

WE CONSENT:

UNIVERSAL MANIA, INC.

_____
Kurt Krol
President, Universal Mania, Inc.

_____
Gordon E. Gray, III
Ben T. Lila
Mandour & Associates, APC
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 487-9300
Facsimile: (858) 487-9390
E-mail: blila@mandourlaw.com

_____
Robert A. Meynardie
Meynardie & Nanney, PLLC
2840 Plaza Place, Suite 200
Raleigh, NC 27612
Telephone: (919) 747-7373
Facsimile: (919) 324-3693
E-mail: bob@mnlaw-nc.com

OTTER PRODUCTS, LLC

_____
Kevin M. Sullivan
General Counsel, Otter Products, LLC


_____
Christopher Q. Pham
CA State Bar No. 206697
Ani S. Garibyan
CA State Bar No. 274846
Attorneys for Defendant
JOHNSON & PHAM, LLP
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, CA 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544
E-mail: cpham@johnsonpham.com
       agaribyan@johnsonpham.com

_____
W. Swain Wood
NC State Bar No. 32037
J. Christopher Jackson
NC State Bar No. 26916
John T. Kivus
NC State Bar No. 42977
Attorneys for Defendant
WOOD JACKSON PLLC
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
Telephone: (919) 829-7394
Facsimile: (919) 829-7396

10

Email: swood@woodjackson.com
cjackson@woodjackson.com jkivus@woodjackson.com

11

Case 5:13-cv-00094-FL   Document 36   Filed 12/17/13   Page 12 of 12